708

*In re* **Feldman,** Michael R. (MR 16609)
Northbrook, IL

Order of the Court:

The motion by the parties for leave to file an amended petition to impose discipline on consent pursuant to Supreme Court Rule 762(b) is allowed. The amended petition by the Administrator of the Attorney Registration and Disciplinary Commission to impose discipline on consent pursuant to Supreme Court Rule 762(b) is allowed. Respondent Michael R. Feldman is suspended from the practice of law for one (1) year and until further order of the Court; the suspension is stayed in its entirety; and respondent is placed on probation with conditions consistent with and a term wholly concurrent to the probation imposed in *In re* Feldman, M.R. 15208 (1998), as follows:

1. Respondent shall continue psychotherapy with Michael Easton, M.D., or any other licensed psychiatrist as is agreeable to the Administrator and shall comply with all treatment recommendations of his psychiatrist, including the continued taking of medications prescribed;

2. Respondent shall also continue therapy with his psychologist, James Dugo, Ph.D., or any other licensed psychologist as is agreeable to the Administrator and shall comply with all treatment recommendations of his psychologist;

3. Respondent shall provide to both his psychiatrist and psychologist appropriate releases as required under the Confidentiality Act of the Mental Health Code, 740 ILCS 110/1 *et seq.* (West 1993), authorizing the treating professionals to: (a) disclose to the Administrator on a quarterly basis information pertaining to the nature of and respondent's compliance with any treatment plan established with respect to respondent's conditions; (b) promptly report to the Administrator respondent's failure to comply with any part of the established treatment plan; (c) respond to any reasonable inquiries by the Administrator regarding respondent's mental or emotional state or compliance with any established treatment plan; and (d) issue

reports to the Administrator when the therapist believes there is an adverse change in respondent's condition, upon which the Administrator may move to suspend the stay of the sanction;

4. The quarterly progress reports of each of respondent's mental health care professionals shall be provided to the other mental health care professionals;

5. Respondent shall maintain a chronological file which shall contain a copy of every document sent out in any manner by respondent or any agent or employee of respondent in connection with the practice of law, including copies of all facsimile cover sheets;

6. Respondent shall, within twenty-one (21) days hereof, obtain a lawyer mentor and shall notify the Commission of the name, address and telephone number of the mentor. The mentor shall monitor respondent's law practice, including the review of respondent's chronological correspondence file and shall provide quarterly progress reports to the Commission;

7. Violation of the pending order of protection regarding respondent's former wife, Robin Feldman, shall constitute a violation of the terms of probation resulting in suspension for one (1) year and until further order of Court;

8. Respondent shall submit quarterly written reports to the Administrator disclosing the status of the practice of law, a list of all matters pending in his office, and the nature and extent of his compliance with the terms of probation;

9. Within the first year of his probation respondent shall attend and complete the course offered by the Illinois Institute of Professional Responsibility;

10. Respondent shall notify the Administrator within fourteen (14) days of any change of address or change in mental health care professional;

11. Respondent shall comply with the Illinois Rules of Professional Conduct;

12. At least thirty (30) days prior to the termination of probation, respondent shall reimburse the Commission for the cost of proceedings pursuant to Illinois Supreme Court Rule 773 and shall reimburse the Commission for any further costs incurred during the course of probation;

13. Probation will be revoked if respondent is found to have violated any of the terms of probation. The period of suspension for one (1) year and until further order of Court shall commence from the date of the determination that any term of probation has been violated;

14. Probation shall terminate three (3) years after it commenced, *i.e.*, November 24, 2001, without further order of the Court, if respondent complies with the foregoing conditions.